USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX SANCHEZ,

               Petitioner,

      -against-

KEYSER,

               Respondent.

20-CV-3070 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      In 1992, Petitioner Felix Sanchez was convicted in New York Supreme Court of murder, attempted murder, and gun possession, and was sentenced to an aggregate term of 50 years to life in prison. In 1995, his convictions were affirmed on appeal. *See People v. Sanchez*, 216 A.D.2d 207 (1st Dep't 1995), *leave denied*, 87 N.Y. 2d 850 (Nov. 20, 1995). On December 3, 1998, Sanchez filed an initial petition seeking habeas corpus relief, which Judge Rakoff denied as untimely on January 12, 2000. *Sanchez v. Superintendent Portuondo et al.*, 99-CV-01911-JSR, ECF No. 8. On January 4, 2020, Judge Rakoff denied Sanchez's motion for relief from this habeas judgment. *Id*. at ECF No. 19.

      Sanchez filed a further habeas petition dated April 4, 2020 seeking release pursuant to 28 U.S.C. § 2254(a) based on the extraordinary circumstances and risk to his health posed by COVID-19. That petition was docketed in a new action before this Court on April 16, 2020, 20-CV-3070-RA, ECF No. 1, as well as in the existing action before Judge Rakoff on April 23, 2020, 99-CV-01911-JSR, ECF No. 24. Judge Rakoff transferred Sanchez's petition to the Second Circuit pursuant to 28 U.S.C. § 1631 on the grounds that any second or successive habeas petition must be certified by a panel of the Second Circuit under 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). *See* 99-cv-01911-JSR, ECF No. 25 (citing *Torres v. Senkowski*, 316

F.3d 147, 151-52 (2d Cir. 2003)).  In light of the fact that Mr. Sanchez's April 4, 2020 petition was docketed in both this action and the action before Judge Rakoff, and Judge Rakoff had already addressed the petition, this Court declined to do so and closed the action on April 28, 2020.  ECF 9.

On May 11, 2020, an amended habeas petition was docketed in this action.  ECF 10.  The amended petition was dated April 25, 2020, and thus appears to have been written but not docked before the Court issued its April 28, 2020 Order.  In light of the fact that this action was closed on April 28, 2020, and Mr. Sanchez's April 4, 2020 petition was currently pending before the Second Circuit pursuant to Judge Rakoff's April 27, 2020 Order, the Court denied Mr. Sanchez's amended habeas petition as moot on May 12, 2020.  ECF 11.

On June 23, 2020, in response to Judge Rakoff's prior order transferring Mr. Sanchez's petition to the Second Circuit, the Second Circuit held that the petition "would not be successive because the prior petition appears to have directly challenged Petitioner's criminal judgment, while the present proposed petition challenges Petitioner's post-sentencing conditions of confinement." 99-cv-01911-JSR, ECF No. 26 (citations omitted).  The Second Circuit therefore transferred the case to Judge Rakoff for "whatever further action the district court finds appropriate, including a determination of whether Petitioner's claims should proceed under § 2254 or 42 U.S.C. § 1983." *Id*. (internal quotation marks and citations omitted).  On July 27, 2020, Judge Rakoff assigned representation of Mr. Sanchez to the C.J.A. attorney on duty and directed the attorney to make the appropriate motion based on Mr. Sanchez's pending petition. 99-cv-01911-JSR, ECF No. 27.

On August 3, 2020, this Court received the attached letter motion for reconsideration of

its April 28 order.  The letter motion is dated May 27, 2020, and thus appears to have been written but not docked before the Second Circuit issued its June 23, 2020 order transferring Mr. Sanchez's petition to Judge Rakoff.  In light of the fact that Mr. Sanchez's April 4, 2020 petition is currently pending before Judge Rakoff, this action remains closed and Mr. Sanchez's letter motion for reconsideration is denied as moot.

      The Clerk of Court is respectfully directed to mail this Order to Mr. Sanchez.

SO ORDERED.

Dated:   August 3, 2020
           New York, New York

                                      RONNIE ABRAMS
                                     United States District Judge

Felix Sanchez-92-A-2601
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733

Dated: May 27, 2020

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Sanchez v. Keyser, 20-CV-3070(RA)

Dear Judge Abrams:

    PLEASE TAKE NOTICE, that, this letter is written in the above-referenced matter, in which petitioner is asking for reconsideration of this Court's prior order on April 28, 2020, under Rule 60(b)(6) of Federal Rules of Civil Procedure to re-open the action that, Judge Abrams dismissed the petition dated April 28, 2020 seeking release pursuant to 28 U.S.C. §2254(a) based on the extraordinary circumstances and risk to his health posed by COVID-19. (See April 28, 2020 Order).

    1. Reconsideration should be granted in light of the recent decision in Elleby v. Smith, 2020 WL 2611921, at *2 (S.D.N.Y. May 22, 2020), in which petitioner's request for release due to the Covid-19 pandemic, is not the second or successive petition and did not require leave of Court of Appeals to be filed.

    2. In that regard, this case is now in a posture similar to the one facing Judge Ronnie Abrams when she dismissed the present case at bar. In Sanchez v. Keyser, No. 20-CV-3070, Judge Abrams dismissed the petition after Judge Rakoff concluded that an identical case before him was a second or successive petition requiring transfer to the Second Circuit.

    3. The instant petition is not a second or successive petition requiring the permission of a Court of Appeals for filing in a district court. Pursuant to 28 U.S.C. §2254 and is the proper vehicle for petitioner's to challenge the continued confinement of medically vulnerable inmate during the Covid-19 pandemic. This Court has jurisdiction to hear the present motion, on the basis of the circumstances resulting from the 2020 novel coronavirus pandemic (COVID-19) constitute extraordinary circumstances, which is the exact remedy requested by a petitioner and rejected by the district court in Elleby, at *2.

    4. As this Court has decided that it is proper to issue a writ of habeas corpus, under 28 U.S.C. §2254, as to Petitioner. (Elley, at *3) which has concluded that state court prisoner may "challeng[e] the current health conditions of their confinement,

which they claim, have become unconstitutional because of the COVID-19 pandemic risk" pursuant to §2254. Under the exigent circumstances a condition or an unconditional writ of habeas corpus is explicitly, and does not challenge his conviction. Instead, he argues that his conditions of confinement, which he says may expose him to Covid-19, is violation the Eight Amendment. On May 26, the confirmed number of prisoner's who have tested positive for covid-19 has risen to 17.

6. Thus, this Honorable Court should allow petitioner to brief his claim in a motion under Rule 60(b)(6). Petitioner respectfully submit's that this Court must vacate its April 28, 2020, Order; and issue a new order granting another unconditional writ of habeas corpus. Under Rule 60(b)(6), a district court may "relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons. . .(6) any other reason that justifies relief." See Gonzalez v. Crosby, 545 US 524, 535 (2005). It is respectfully submitted in support of Petitioner's motion that he be granted an evidentiary hearing on said petition. Your attention to this matter will be greatly appreciated. I look forward to Your Honor reply. I thank the Court in advance for your time and consideration in this matter. It is so prayed.

Sincerely & Respectfully submitted

*Felix Sanchez* (signature)
Felix Sanchez

cc: Margaret A. Cieprisz, AAG
    Assistant Attorney General
    28 Liberty Street
    New York, NY 10005

    File